RESERVE MINING COMPANY, Relator,

v.

Shirley BURROWS, Department of Economic Security, Respondents.

No. CX–85–1742.

Court of Appeals of Minnesota.

Feb. 11, 1986.

Raymond L. Erickson, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, Duluth, for relator.

Shirley Burrows, pro se.

Hubert H. Humphrey, III, Atty. Gen., James Patrick Barone, Sp. Asst. Atty. Gen., St. Paul, for Dept. of Economic Sec.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

POPOVICH, Chief Judge.

Reserve Mining Company (Reserve) appeals by writ of certiorari from a determination that respondent Shirley Burrows was entitled to unemployment compensation benefits. In accordance with our decision in *Reserve Mining Co. v. Anderson*, 377 N.W.2d 494 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn.1986), we affirm.

## FACTS

On March 20, 1984, Burrows was advised her position with Reserve was being eliminated, but she had three options to consider: (1) to be laid off effective March 30, 1984, but to be subject to future recall; (2) to take early retirement effective March 30, 1984; or (3) to take four weeks of vacation, beginning March 30, 1984 and then to retire at the end of that vacation; i.e., April 30, 1984. Burrows elected to take four weeks of vacation followed by the early retirement. At the time of her retirement, Burrows was 57 years old.

Burrows applied for unemployment compensation covering the period of retirement following her vacation. A claims deputy awarded Burrows benefits, and a referee affirmed. A Commissioner's representative also affirmed the award of benefits, concluding:

> The claimant became unemployed by the unilateral decision of the employer; the claimant had no opportunity to remain employed by this employer. Any possibility for re-employment by this employer was remote. The fact that the claimant, upon losing employment, elected to receive her pension arising out of this employment does not operate to disqualify her from benefits.

## ISSUES

1. Was Burrows' election to retire voluntary, thereby disqualifying her from the receipt of unemployment compensation benefits?

2. Does the charge of benefits to Reserve's employer experience rating account violate equal protection?

## ANALYSIS

Both issues raised by Reserve have already been addressed by this court in *Reserve Mining Co. v. Anderson*, 377 N.W.2d 494 (Minn.Ct.App.1985). There, we determined unemployment benefits were properly awarded to an employee who chose early retirement only after being notified of a pending layoff. We also determined charging Reserve's employer experience rating account for those benefits did not violate equal protection.

A petition for review of the *Anderson* decision was denied by the supreme court on January 17, 1986. We continue to adhere to this court's reasoning in *Anderson*.

## DECISION

Unemployment benefits were properly awarded where respondent chose to retire early, rather than being laid off. Charging relator's experience rating account for those benefits does not violate equal protection.

Affirmed.